IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAMI SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 4:26-CV-1318-D |
| | § | |
| DOUBLETREE BY HILTON HOTEL OWNED BY HILTON WORLDWIDE HOLDINGS, INC. AND ADMIRAL HOTEL GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, plaintiff Tami Sparks ("Sparks") sues defendants DoubleTree by Hilton Hotel Owned by Hilton Worldwide Holdings, Inc. and Admiral Hotel Group, LLC, seeking compensation for injuries she sustained when she slipped and fell in a DoubleTree by Hilton Hotel (the "Hotel"). Defendants move for summary judgment. Concluding that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law, the court grants the motion and dismisses this action with prejudice by judgment filed today.

I

On October 21, 2023 Sparks was attending a conference at the Hotel when she slipped and fell on a liquid spill immediately on entering a Hotel restroom.[1] Sparks landed on her

[1]In recounting the factual background, the court summarizes the evidence in the light most favorable to Sparks as the summary judgment nonmovant and draws all reasonable

right hip and shoulder, sustaining injuries.

After she fell, Sparks took several minutes to stand up. Once she did, she realized that her dress was soaked and that the entire restroom floor was covered in water. But she was unable to locate the source of the water or to determine how long the water had been on the floor before she entered the restroom. Thereafter, Sparks used the restroom and stepped back out into the Hotel foyer.

In the foyer, Sparks saw a Hotel cleaning professional dusting furniture and informed her of the water and her fall. Due to a language barrier, Sparks had difficulty communicating, but there was no indication that the cleaning professional was aware of the water. After informing her of the fall, Sparks took a "wet floor" sign from the cleaning professional's cart and placed it in the restroom. Once the conference programming finished, Sparks informed the Hotel's front desk of her fall and filled out an incident report.

Sparks now sues defendants under theories of premises liability and negligence. Defendants move for summary judgment, which Sparks opposes. The court is deciding the motion on the briefs, without oral argument.

## II

When summary judgment movants will not have the burden of proof on a claim at trial, they can obtain summary judgment by pointing to the absence of evidence on any

---

inferences in her favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Once the moving parties do so, the nonmovant must go beyond her pleadings and designate specific facts to demonstrate that there is a genuine issue of material fact for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *TruGreen LandCare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory when the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The court considers first Sparks's negligence claim. Defendants are correct that Sparks's negligence claim fails as a matter of law and that she must recover, if at all, under a premises liability theory. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). "[A] person injured on another's property may have either a general negligence claim or a premises-liability claim against the property owner." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016); *see also Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010) ("We have recognized that negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." (footnote omitted)).

When the plaintiff slips on a condition on the floor, her proper claim is a premises liability claim. *See Keetch*, 845 S.W.2d at 264; *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014) (per curiam) (holding that proper claim was premises liability because "[a]s in *Keetch*, Austin slipped on an oily substance on the floor; while he 'may have been injured by a condition created by the [condenser unit] spraying,' the 'spraying itself' was not the source of his injury" (second alteration in original) (quotation omitted)). A plaintiff, however, "cannot pursue *both* a negligent activity and a premises defect theory of recovery based on the same injury." *Austin*, 746 F.3d at 197 (emphasis in original).

Because Sparks slipped on a condition on the floor, her claim must be for premises liability. *See Keetch*, 845 S.W.2d at 264. The court therefore grants defendants' summary judgment motion insofar as it seeks dismissal of Sparks's negligence claim. *See Synodis v. Wal-Mart Stores Tex., LLC*, 2021 WL 4476801, at *2 (N.D. Tex. Sept. 30, 2021) (Fitzwater, J.); *Minjarez v. Wal-Mart Stores, Tex., LLC*, 363 F.Supp.3d 763, 773 (W.D. Tex. 2019).

IV

The court now considers Sparks's premises liability claim.

A

In Texas, an invitee[2] can recover under a theory of premises liability by proving the following:

---

[2]The parties do not dispute that Sparks was an invitee.

> (1) the defendant had actual or constructive knowledge of a condition on its premises, (2) the condition posed an unreasonable risk of harm, (3) the defendant did not exercise reasonable care to reduce or eliminate the risk, and (4) the defendant's failure to use such care proximately caused her injuries.

*Rivers v. Kroger Tex. L.P.*, 2009 WL 2596601, at *2 (N.D. Tex. Aug. 21, 2009) (Fitzwater, C.J.) (citing *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.)).

The only element at issue is the first: the parties dispute whether a reasonable jury could find that defendants "had actual or constructive knowledge" of the presence of water on the restroom floor.

> A slip-and-fall plaintiff satisfies [this] element by establishing that (1) the defendant placed the substance on the floor, 2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it.

*Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Because Sparks has not presented evidence that defendants placed the water on the restroom floor[3] or actually knew that it was there, she must adduce evidence that would

---

[3]Sparks maintains that, because "the restroom was supposed to be cleaned every hour, and there was an employee very close to the restroom[,]" the circumstantial evidence "supports an inference that the Defendants' employees created the . . . hazard[.]" P. Resp. (ECF No. 21) at 9-10. The court disagrees. A jury could not reasonably infer from these facts that a Hotel employee *created* the hazardous condition. If anything, the summary judgment evidence supports the inference that, because a nearby Hotel employee kept a "wet floor" sign on her cart, she would have used that sign to warn of the condition of the restroom floor had she known it was wet.

enable a reasonable jury to find "that the spill had been on the floor for a sufficient period of time [so] that [defendants] had a reasonable opportunity to discover it." *Id.*

B

Before a premises owner can be charged with constructive notice, proof must be proffered that a dangerous condition existed for some length of time. *Id.* at 815. This so-called "time-notice rule" is "based on the premise that temporal evidence best indicates whether the owner had reasonable opportunity to discover and remedy a dangerous condition." *Id.* at 816. Accordingly, "[i]n *all* cases . . . 'there must be *some* proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discovery and rectify, or warn of, the dangerous condition.'" *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 359 (5th Cir. 2017) (second emphasis in original) (quoting *Reece*, 81 S.W.3d at 816); *see also Perez v. Fiesta Mart LLC*, 2023 WL 5687024, at *3 (S.D. Tex. July 14, 2023) ("Federal courts . . . recognize that under Texas law, '[c]onstructive knowledge *requires* evidence indicating how long the hazard was present.'" (alteration and emphasis in original) (citation omitted)). "Otherwise, owners would fact strict liability for any dangerous condition on their premises, an approach [the Supreme Court of Texas has] clearly rejected." *McCarty*, 864 F.3d at 360 (quoting *Reece*, 81 S.W.3d at 816). If circumstantial evidence "supports only the *possibility* that the dangerous condition existed long enough to give [the premises owner] a reasonable opportunity to discovery it," the premises owner cannot be charged with constructive notice. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (emphasis in original).

Sparks has not identified any evidence in the summary judgment record that would enable a reasonable jury to find that the spill had been on the restroom floor for a sufficient period of time that defendants had a reasonable opportunity to discover it. *Reece*, 81 S.W.3d at 814. Indeed, the only pertinent evidence in the record is her testimony that she had "no idea" "how long the water had been on the floor before [she] entered the bathroom[,]" P. App. (ECF No. 26) at 13, and that she had "no idea . . .what the source would have been[,]" *Id.* at 12. Therefore, defendants are entitled to summary judgment.

Sparks maintains that it would be inappropriate to grant summary judgment based on her testimony because she was a "first-time user of the restroom who was alone when she fell[.]" P. Resp. (ECF No. 21) at 7. She contends that defendants should have supported their motion with "evidence of their inspection practices on the day of the fall[.]" *Id.* at 7. The court disagrees. After defendants pointed to the absence of evidence that would enable a reasonable jury to find that defendants had constructive knowledge, the burden shifted to Sparks to designate "specific facts showing that there is a genuine issue for trial" on this element. *Celotex Corp.*, 477 U.S. at 324. Sparks failed to do so: she neither introduced temporal evidence regarding the water nor otherwise pointed to evidence in the summary judgment record regarding when the water was spilled or how long it had existed prior to her arrival.

Instead, Sparks points to the spill's size, proximity to the cleaning professional, and that Hotel staff cleaned the restroom once every hour. But that evidence is insufficient to create a genuine issue of material fact on the question of timing. *Mata v. Fiesta Mart, L.L.C.*,

2026 WL 1361953, at *3 (N.D. Tex. May 14, 2026) (Fitzwater, J.) (holding that "spill's substantial size and prominence . . . location in a high traffic area . . . presence of bakery employees [and] evidence that [defendant] clean[ed] throughout the day" were insufficient to create an issue of fact on the question of timing (quotations omitted)); *cf. Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 479-80 (5th Cir. 2022).

Accordingly, absent evidence from which a reasonable jury could find that the spill was present long enough that defendants should have discovered it, Sparks cannot, as a matter of law, demonstrate the element of constructive knowledge. *See, e.g.*, *Young v. O'Reilly Auto Enters., LLC*, 2026 WL 1078639, at *5 (W.D. Tex. Apr. 17, 2026) ("[W]ithout temporal evidence demonstrating when the oil spill formed or how long it had existed before Plaintiff's arrival, the mere possibility that store employees had worked in close proximity to the handicapped spaces does not create a question of material fact as to constructive knowledge about the oil spill."); *Alvarado v. Fiesta Mart, LLC*, 2025 WL 3762135, at *2 (S.D. Tex. Oct. 8, 2025) (granting summary judgment where plaintiff testified that she did not see water get on the floor, did not know how long it was on the ground, and failed to supplement this testimony with any temporal evidence regarding the spill); *Cherry v. Kroger Tex. LP*, 2020 WL 5645216, at *3 (N.D. Tex. Sept. 22, 2020) (O'Connor, J.) (granting summary judgment where plaintiff "stated she had 'no idea' how long the mayonnaise was on the floor, and her response introduces no evidence to the contrary other than to suggest the spill was there long enough to be open and obvious due to track marks through it.").

Accordingly, the court grants defendants' motion for summary judgment.[4]

* * *

For the reasons explained, the court grants defendants' motion for summary judgment and dismisses the action with prejudice.

**SO ORDERED**.

November 13, 2026.

SIDNEY A. FITZWATER
SENIOR JUDGE

[4]Sparks states that "relief is warranted to the extent the Court concludes that the additional [needed] evidence . . . remains outstanding and is exclusively within Defendants' possession." P. Resp. (ECF No. 21) at 2-3. Sparks filed her state court petition on June 24, 2025, nearly fourteen months before defendants filed the instant summary judgment motion. She sought and obtained an extension of time to respond to defendants' motion. And she did not seek relief under Fed. R. Civ. P. 56(d). The court therefore finds that Sparks has failed to show that she lacked sufficient time to obtain needed discovery before responding to defendants' summary judgment motion.